1   DAVID R. WELCH [SBN 251693]
    D | R WELCH ATTORNEYS AT LAW, APC.
2   500 South Grand Avenue, 18th Floor
    Los Angeles, California 90071
3   Telephone:   (213) 596-9008
    Facsimile:   (213) 536-4589
4
    Attorneys for Plaintiffs MKAY, INC.,
5   CBD, INC., GAGE COLLECTIVE, INC.,
    CRUZ VERDE, INC., FLOWER REFINERY,
6   INC., TRINK HEALTH, INC.
    GO GREEN MEDICAL HOLDINGS, INC.,
7   And FIVE POINT VENTURES, INC.

8

9                  **UNITED STATES DISTRICT COURT**

10                 **CENTRAL DISTRICT OF CALIFORNIA**

11

12  MKAY, INC., a California Nonprofit        ) CASE NO.: **2:17-cv-01467-SJO-AFM**
    Mutual Benefit Corporation;  GAGE        )
13  COLLECTIVE, INC., a California           ) [*Assigned to Honorable District Court*
    Nonprofit Mutual Benefit Corporation;    ) *Judge S. James Otero.*]
14  FLOWER REFINERY, INC., a                 )
    California Nonprofit Mutual Benefit      ) **PLAINTIFFS' RICO CASE STATEMENT**
    Corporation; GO GREEN MEDICAL            )
15  HOLDINGS, INC., a California             )
    Nonprofit Mutual Benefit Corporation;    )
16  CRUZ VERDE, INC., a California           )
    Nonprofit Mutual Benefit Corporation;    )
17  CBD, INC., a California                  )
    Nonprofit Mutual Benefit Corporation;    )
18  TRINK HEALTH, INC., a California         )
    Nonprofit Mutual Benefit Corporation;    )
19  and FIVE POINT VENTURES, INC., a         )
    California Nonprofit Mutual Benefit      )
20  Corporation,                             )
                                             )
21                    Plaintiffs,            )
                  v.                         )
22                                           )
    CITY OF HUNTINGTON PARK, a               )
23  Municipality; GRACIELA ORTIZ, an        )
    individual; MARILYN SANABRIA, an        )
24  individual; KARIAN MACIAS, an           )
    individual; NATURAL                      )
25  COMPASSIONATE CENTER, a                  )
    California Nonprofit Mutual Benefit      )
26  Corporation; MICHAEL A.                  )
    SCHENONE, an individual; UNITED          )
27  HEALTH & CARE CENTER, a                  )
    California Nonprofit Mutual Benefit      )
28  Corporation; VIBHA C. PATEL, an          )

                                        1

individual; GOODNESS 4 LIFE, a )
California Nonprofit Mutual Benefit )
Corporation; ROBERT J. HODGE, an )
individual; C4EVERSYSTEMS, LLC, a )
Delaware Limited Liability Company; )
MJIC, INC., a California Corporation; )
and DOES 1 through 100, inclusive, )
                                     )
                Defendants.          )

COME NOW Plaintiffs MKAY, INC., GAGE COLLECTIVE, INC., CRUZ VERDE, INC., FLOWER REFINERY, INC., TRINK HEALTH, INC. GO GREEN MEDICAL HOLDINGS, INC., FIVE POINT VENTURES, INC. and CBD, INC., and file their RICO Case Statement.

## RICO CASE STATEMENT

1. State whether the alleged unlawful conduct is in violation of 18 U.S.C. Sections 1962(a), (b), (c), and/or (d).

In 2015 Ronald Hodges, Michael Tuceelli-Margolin, Josef Bobek III and Larry Horwitz were each employed by or held ownership interest in C4Ever Systems LLC (hereinafter "C4Ever"). Ronald Hodges and Michael Tuccelli-Margolin held themselves out to be co-owners of C4Ever. Mr. Josef Bobek III was the Chief Operating Officer and legal consultant and Mr. Larry Horwitz was C4Ever's in-house securities attorney. It is believed that Mr. Horwitz was also a partial owner of the company.

C4Ever Systems LLC ("C4ever") is a company which was founded by Michael Tuccelli-Margolin and Ronald Hodges. C4Ever licensed the technology developed by General Payment Systems, Inc. to provide payment kiosks that can be used in medical marijuana dispensaries to eliminate cash handling by dispensary employees. The customer of the dispensary and dispensary or both are charged a fee for the service of providing a cashless management system. C4ever markets itself as a solution to alleviate the risk of operating a medical marijuana dispensary, typically a cash only enterprise.  In 2015, C4Ever Systems was suffering financial hardship in that its research and development costs were outpacing any income it generated. The cause being that no medical marijuana dispensary saw financial advantage in requiring all monies collected to be deposited into a third-party machine and be charged a fee for this service. At best, the service provided by C4Ever was ahead of its time. Nonetheless the company

generated zero recognizable profit for its investors or its principals. The principals above agreed that it was in their best interest to convince a city to require that every dispensary enter a contract with a third-party provider who would provide a cashless management system. Unfortunately for C4Ever, the attempts to convince any city to implement the third party payer requirement fell on deaf ears. So, in 2015 C4Ever's principals decided that it was in the company's best interest to seek assistance from municipal political lobbyist.

It was around this time that C4Ever's principals made the acquaintance of Mr. Efren Martinez. Mr. Martinez is a known consultant in the Southeast of Los Angeles county. Mr. Martinez bragged to C4Ever of his close relationship to Huntington Park Councilwoman Karina Macias and that he could get her to do anything. Mr. Martinez shared with C4Ever that there were consulting contracts he would provide to Macias which were unrelated to her position as councilwoman of Huntington Park. Ms. Macias would receive money from these consulting agreements, bankrolled by business or vendors whom operated in Huntington Park. This way, Ms. Macias would not be seen as being directly paid by the vendors in Huntington Park but by some unrelated third party.

C4Ever Systems hired Mr. Martinez. Mr. Martinez then sought the help of two other consultants, Mr. Mario Beltran and Mr. "Mike" Patel (real name unknown) collectively referred to as the "consultants." Mr. Beltran and Mr. Patel are also well known lobbyist in the southeast of Los Angeles County. Indeed, Mr. Patel's family member Sarina Patel was once a legal consultant, while she awaited her bar results, for HP Tow, a Huntington Park company whose principals were recently indicted by the United States Attorney's Office for bribery as well as other unlawful acts. Mr. Beltran has had his previous run-ins with the law.

The C4Ever principals, the consultants and Ms. Macias conspired to develop a plan of action for each to profit off the issuance of medical marijuana dispensary licenses in the city of Huntington Park. By way of the agreement

between the C4Ever principals, the consultants and councilwomen Macias; the city council would instruct the city attorney to draft a medical marijuana ordinance which would allow up to three medical marijuana dispensaries and marijuana cultivation facilities in the city of Huntington Park. The dispensaries would be required to use a cashless payment system and be charged by the third party cash management system for that service.

Each of the consultants would be involved in the ownership or control of the various dispensaries as well as obtain a percentage of the fees charged by the cash management system. Each of the principals of C4Ever Systems would also be involved in the ownership and control of the three dispensaries. Ms. Macias, who was up for re-election on March 7, 2017 would receive financial support for her campaign as well as lucrative consultancy agreements via Mr. Martinez and MJIC, a medical marijuana consultancy company. Councilwoman Ortiz and Sanabria would benefit their close friend Councilwoman Macias but were also promised financial support for their future elections as well as consultancy agreements. Additionally, the principals agreed that they would work together to solicit donations to run negative campaigns against councilman Valentine Amezquita. The disdain for Mr. Amezquita was also the result of opposition to Marijuana dispensaries in the city of Huntington Park as well as his involvement as informant and witness for the FBI against HP Tow's principals Jimmy Sandhu and Sukbir Singh, Mr. Patel's close associates.

The Consultants, Mr. Martinez, Mr. Patel and Mr. Beltran; the City Council, Ms. Macias, Ms. Ortiz and Ms. Sanbria; as well as the principals of C4Ever Systems, Mr. Horwitz, Mr. Tucellie-Margolin, Mr. Bobek and Mr. Hodges orchestrated the selection process to assure that only their applicants would be selected. In order to minimize competition from outside of the conspiracy it was agreed that upon passage of the medical marijuana ordinances the city would issue applications in a short period of time and close the acceptance

of applications about two weeks later. To further discourage applicants the City of Huntington Park would charge a non-refundable fee of five thousand dollars ($5,000.00), which was above the actual cost of reviewing the applications.  To further discourage applicants, the City would require that the selection of the CUP recipients take place less than two weeks after the last day the application were to be received.

Unlike every other application process in the city, city staff would not provide a review or recommendation of any applicant. The review of each and every application would rest solely on the city council who would vote and select the top five constituents. Those applicants would then be required to provide an oral presentation the same day they were voted on by the city council and after the oral presentation the council again would vote on which applicants would receive licenses and entitlements.

On April 4, 2016, the City of Huntington Park adopted Ordinance Nos. 2016-945 and 2016-946 ("marijuana ordinances") permitting and regulating the operation of medical marijuana dispensaries and marijuana cultivation in Huntington Park. The marijuana ordinances included the requirement that medical marijuana dispensaries use a money-less cash management system as well as required that no individual may lobby or discuss medical marijuana issues with the city council. The marijuana ordinances also required that the applications would become available on April 14, 2016, only ten days after the ordinance was voted on.  The applications would be due by 5:30 p.m. on May 4, 2016. The city council selection meeting was set for May 17, 2016 by the council.

On that day Ortiz, Macias and Sanabria voted for to provide the entites represented by the C4Ever principals only. It should be noted that although the names of the applicants were to be removed or redacted per the instructions, the names of the selected applicants were not redacted. Indeed, it was the principals of C4Ever who were the "representatives" of the applicants at the May 17, 2016

meeting. Mr. Larry Horwitz, Mr. Michael Tuccelli-Margolin and Mr. Ronald Hodge's family member Mr. Robert Hodge represented the winning applicants at the CUP hearing.  The winning applicants were NATURAL COMPASSIONATE CENTER, a California Nonprofit Mutual Benefit Corporation; UNITED HEALTH & CARE CENTER, a California Nonprofit Mutual Benefit Corporation and GOODNESS 4 LIFE, a California Nonprofit Mutual Benefit Corporation. It should be noted that United Health & Care Center as well as Goodness 4 Life corporations were both incorporated by Stephen M. Callegari, a junior associate at Mr. Larry Horwitz law firm. Mr. Josef Bobek III served as Natural Compassionate Center's agent for service of process during the relevant period.

In total the conspiracy developed by the parties mentioned herein was for an unlawful purpose and utilized fraud as well as deceit to financially benefit each of the parties named herein. The following alleged conduct described in this section is in violation of 18 U.S.C. Sections 1962(c) and violation of 18 U.S.C. § 1962(d) for conspiring to violate § 1962(c).

2.      List each defendant and state the alleged misconduct and basis of liability of each defendant.

The City of Huntington Park ("City") is a municipality operating in Los Angeles County, California.   City adopted Ordinances permitting and regulating the operation of medical marijuana dispensaries and marijuana cultivation in Huntington Park, and setting forth the application process for obtaining the required permits to establish and operate a medical marijuana dispensary and marijuana cultivation in Huntington Park. City participated and conspired to participate in the predicate acts that form the pattern of racketeering alleged below.

Graciela Ortiz ("Ortiz") is an individual residing in the State of California, County of Los Angeles, and is the Mayor of City and member of the City Council. Ortiz voted to adopt Ordinances permitting and regulating the operation of

medical marijuana dispensaries and marijuana cultivation in Huntington Park, and setting forth the application process for obtaining the required permits to establish and operate a medical marijuana dispensary and marijuana cultivation in Huntington Park. Ortiz decided, along with other members of the City Council, which applicants would be granted the required permits to establish and operate a medical marijuana dispensary and marijuana cultivation in Huntington Park. Ortiz participated and conspired to participate in the predicate acts that form the pattern of racketeering alleged below.

Marilyn Sanabria ("Sanabria") is an individual residing in the State of California, County of Los Angeles, and is the Vice Mayor of City and member of the City Council. Sanabria voted to adopt Ordinances permitting and regulating the operation of medical marijuana dispensaries and marijuana cultivation in Huntington Park, and setting forth the application process for obtaining the required permits to establish and operate a medical marijuana dispensary and marijuana cultivation in Huntington Park. Sanabria decided, along with Ortiz and other members of the City Council, which applicants would be granted the required permits to establish and operate a medical marijuana dispensary and marijuana cultivation in Huntington Park. Sanabria participated and conspired to participate in the predicate acts that form the pattern of racketeering alleged below.

Karian Macias ("Macias") is an individual residing in the State of California, County of Los Angeles, and is a member of the City Council. Macias voted to adopt Ordinances permitting and regulating the operation of medical marijuana dispensaries and marijuana cultivation in Huntington Park, and setting forth the application process for obtaining the required permits to establish and operate a medical marijuana dispensary and marijuana cultivation in Huntington Park. Macias decided, along with Ortiz, Sanabria and other members of the City Council, which applicants would be granted the required permits to establish and

operate a medical marijuana dispensary and marijuana cultivation in Huntington Park. Macias participated and conspired to participate in the predicate acts that form the pattern of racketeering alleged below.

Natural Compassionate Center ("NCC") is a California Nonprofit Mutual Benefit Corporation. NCC was a co-applicant with Michael A. Schenone for a permit to establish and operate a medical marijuana dispensary and marijuana cultivation in Huntington Park. NCC and Michael A. Schenone were one of the three applicants that were granted the required permit by City, Ortiz, Sanabria and Macias to operate a medical marijuana dispensary and marijuana cultivation in Huntington Park. NCC participated and conspired to participate in the predicate acts that form the pattern of racketeering alleged below.

Michael A. Schenone ("Schenone") is an individual residing in the State of California, County of San Mateo. Schenone was a co-applicant with NCC for a permit to establish and operate a medical marijuana dispensary and marijuana cultivation in Huntington Park. Schenone and NCC were one of the three applicants that were granted the required permit by City, Ortiz, Sanabria and Macias to operate a medical marijuana dispensary and marijuana cultivation in Huntington Park. Schenone participated and conspired to participate in the predicate acts that form the pattern of racketeering alleged below.

Goodness4Life ("G4L") is a California Nonprofit Mutual Benefit Corporation. G4L was a co-applicant with Robert J. Hodge for a permit to establish and operate a medical marijuana dispensary and marijuana cultivation in Huntington Park. G4L and Robert J. Hodge were one of the three applicants that were granted the required permit by City, Ortiz, Sanabria and Macias to operate a medical marijuana dispensary and marijuana cultivation in Huntington Park. G4L participated and conspired to participate in the predicate acts that form the pattern of racketeering alleged below.

Robert J. Hodge ("Hodge") is an individual residing in the State of California, County of Santa Cruz. Hodge was a co-applicant with G4L for a permit to establish and operate a medical marijuana dispensary and marijuana cultivation in Huntington Park. Hodge and G4L were one of the three applicants that were granted the required permit by City, Ortiz, Sanabria and Macias to operate a medical marijuana dispensary and marijuana cultivation in Huntington Park. Schenone participated and conspired to participate in the predicate acts that form the pattern of racketeering alleged below.

United Health & Care Center ("UHCC") is a California Nonprofit Mutual Benefit Corporation. UHCC was a co-applicant with Vibha C. Patel for a permit to establish and operate a medical marijuana dispensary and marijuana cultivation in Huntington Park. UHCC and Vibha C. Patel were one of the three applicants that were granted the required permit by City, Ortiz, Sanabria and Macias to operate a medical marijuana dispensary and marijuana cultivation in Huntington Park. UHCC participated and conspired to participate in the predicate acts that form the pattern of racketeering alleged below.

Vibha C. Patel ("Patel") is an individual residing in the State of California, County of Riverside. Patel was a co-applicant with UHCC for a permit to establish and operate a medical marijuana dispensary and marijuana cultivation in Huntington Park. Patel and UHCC were one of the three applicants that were granted the required permit by City, Ortiz, Sanabria and Macias to operate a medical marijuana dispensary and marijuana cultivation in Huntington Park. Patel participated and conspired to participate in the predicate acts that form the pattern of racketeering alleged below.

C4Ever Systems LLC ("C4ever") is a company which was founded by Michael Tuccelli-Margolin and Ronald Hodges and was formerly operated under the name General Payment Systems, Inc. C4ever provides payment kiosks that can be used in medical marijuana dispensaries. The customer and company is

charged a fee for the service of providing a cashless management system. C4ever markets itself as a solution to alleviate the risk of operating a medical marijuana dispensary, a cash only enterprise. C4Ever Systems LLC was one of the participants and beneficiaries to the predicate acts that form the pattern of racketeering alleged below.

MJIC is a consultancy company that provides services to medical marijuana businesses seeking to obtain conditional use permits or licenses to operate medical marijuana businesses. MJIC was one of the participants and beneficiaries to the predicate acts that form the pattern of racketeering alleged below.

3.   List the alleged wrongdoers, other than the defendants listed above, and state the alleged misconduct of each wrongdoer.

Ronald Hodges is an individual residing in the State of California, and is the co-founder of C4Ever Systems LLC and an alleged principal in the conspiracy and predicated acts below. As presented in the Complaint, as well as in section 1 above the following individual was involved in predicate acts and maybe a defendant in this complaint upon amendment made by the plaintiff.

Mr. Michael Tuceelli-Margolin is an individual residing in the State of California was a co-founder of C4Ever Systems LLC. As presented in the Complaint, as well as in section 1 above the following individual was involved in predicate acts and maybe a defendant in this complaint upon amendment made by the plaintiff.

Mr. Josef Bobek III is an individual residing in the State of California, and resides in the County of Los Angeles and was the Chief Operating Officer and legal consultant with C4Ever Systems LLL. As presented in the Complaint, as well as in section 1 above the following individual was involved in predicate acts and maybe a defendant in this complaint upon amendment made by the plaintiff.

Mr. Larry Horwitz is an individual residing in the State of California, and County of Orange and was C4Ever Systems LLC securities attorney and part owner. He is also the named partner at the Law Firm of "Horwitz + Armstrong." Mr. Horwitz is also a part owner of MJIC, a defendant and medical marijuana consultancy firm. As presented in the Complaint, as well as in section 1 above the following individual was involved in predicate acts and maybe a defendant in this complaint upon amendment made by the plaintiff.

Mr. Efren Martinez is an individual residing in the State of California, and County of Los Angeles and is employed as a political consultant primarily in the Southeast of Los Angeles.

Mr. Mario Beltran is an individual residing in the State of California, and County of Los Angeles and is employed as a political consultant primarily in the Southeast of Los Angeles.

Mr. "Mike" Patel, whose true name is unknown, is an individual residing in the State of California, and County of Los Angeles, and is employed as a political consultant primarily in the Southeast of Los Angeles as well as operates a hotel in the city of Lynwood.

4.      List the alleged victims and state how each victim was allegedly injured.

MKAY, INC., CBD, INC., GAGE COLLECTIVE, INC., CRUZ VERDE, INC., FLOWER REFINERY, INC., TRINK HEALTH, INC. GO GREEN MEDICAL HOLDINGS, INC., and FIVE POINT VENTURES, INC. are the victims in this matter.  Each of these business entities applied for the permit to operate a medical marijuana business in Huntington Park and paid the nonrefundable application fee of $5,000.00.  Each of these entities were not provided any consideration for their application.  In other words, they had no chance at obtaining one of the three permits, given that the applicants to which the permits would be granted were preselected as a result of the illegal lobbying in

violation of the City of Huntington Park's Administrative Policy Regarding Medical Marijuana Businesses and Delivery Permits and the combined efforts of the named Plaintiffs to ensure that applicants other than the three preselected ones would not know of the futile nature of their submissions.

The people of Huntington Park are not defendants but were also hurt by the deceit fraud and corruption perpetrated by the individuals as described in the complaint and section 1 above.

     5.     Describe in detail the pattern of racketeering activity or collection of unlawful debts alleged for each RICO claim. A description of the pattern of racketeering shall include the following information:

          a.     List the alleged predicate acts and the specific statutes that were allegedly violated.

As presented in the Complaint, as well as in section 1 above, the predicate acts constitute violations of California Penal Code Sections 67.5, 68, 85, 86 and 88. The acts giving rise to these violations consist of the solicitation of each Plaintiff to submit the application and the acceptance of the application fee from each Plaintiff, even though the Defendants had already determined which entities would be awarded the three permits and never intended to give any consideration to the Plaintiffs, as well as unlawful lobbying in violation of City Ordinance 2012-946 and City Policy, and the offering and acceptance of bribes in exchange for votes awarding permits to the three applicants that received the permits. These violations of state law can constitute the predicate acts for a RICO claim, under which state courts have concurrent jurisdiction. *See Tafflin v. Levitt*, 493 U.S. 455, 456 (1990). These predicate acts form the pattern of racketeering activity as defined by 18 U.S.C. Section 1961(1)(A) and are the basis of the violation of 18

U.S.C. Section 1962(c).  These predicate acts also constitute the primary overt acts taken in furtherance of the conspiracies under 18 U.S.C. Section 1962(d) to violate 18 U.S.C. Sections 1962(c) and (a).

        b.     Provide the dates of the predicate acts, the participants in the predicate acts, and a description of the facts constituting the predicate acts.

As presented in the Complaint, as well as in section 1 above, t The first date of the first predicate act with regard to the agreement that was set up to establish a conspiracy to provide licenses to NATURAL COMPASSIONATE CENTER, UNITED HEALTH & CARE CENTER, and GOODNESS 4 LIFE is in 2015, but the exact date is unknown.  Ostensibly, that predicate act occurred sometime before April 4, 2016, which is when the City of Huntington Park adopted Ordinance Nos. 2016-945 and 2016-946 permitting and regulating the operation of medical marijuana dispensaries and marijuana cultivation in Huntington Park. Thereafter, it is believed that the next predicate act was the acceptance of monies or other forms of consideration by CITY OF HUNTINGTON PARK, GRACIELA ORTIZ, MARILYN SANABRIA, and KARIAN MACIAS from NATURAL COMPASSIONATE CENTER, MICHAEL A. SCHENONE, UNITED HEALTH & CARE CENTER, VIBHA C. PATEL, GOODNESS 4 LIFE, ROBERT J. HODGE, C4EVERSYSTEMS, LLC, and MJIC, INC. to secure the permits even before the application process began.  Following this predicate act, CITY OF HUNTINGTON PARK, GRACIELA ORTIZ, MARILYN SANABRIA, and KARIAN MACIAS participated in soliciting applications from businesses for the permits and providing notice that the applications would become available on April 14, 2016.  Those members of the enterprise also participated in establishing that the applications would be due by 5:30 p.m. on May 4, 2016.  The next predicate act is believed to have been the acceptance of the applications from the Plaintiffs and acceptance of the

nonrefundable $5,000.00 application fees on May 4, 2016.  Following this, the next predicate act was the acceptance of non-redacted applications from NATURAL COMPASSIONATE CENTER, UNITED HEALTH & CARE CENTER, and GOODNESS 4 LIFE and then the actions during the hearing on May 17, 2016 by GRACIELA ORTIZ, MARILYN SANABRIA, and KARIAN MACIAS to vote for those entities in accordance with the enterprise's agreement.

The full extent of the predicate acts are unknown given that the exact operations, meetings, and acts conducted through the enterprise are not fully known and must be ascertained during discovery and deposition practice.

        c.     If the RICO claim is based on the predicate offense of wire fraud, mail fraud, or fraud in the sale of securities, the "circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). Identify the time, place and contents of the alleged misrepresentations, and the identity of persons to whom and by whom the alleged misrepresentations were made.

Not applicable.

        d.     State whether there has been a criminal conviction for violation of the predicate acts.

No.

        e.     State whether civil litigation has resulted in a judgment in regard to the predicate acts.

No.

        f.     Describe how the predicate acts form a "pattern of racketeering activity."

15

As presented in the Complaint, as well as in section 1 above, the acts identified as the predicate acts constitute a "pattern of racketeering activity" because they are acts involving fraud and bribery, and there were at least two such acts, as fully identified above.  These predicate acts form a "pattern of racketeering activity" as defined by 18 U.S.C. Section 1961(5), since there are at least two acts and the first occurred after the effective date of the enactment the RICO framework, *i.e.* the solicitation of the applicants, and the last known predicate act, *i.e.* the taking of the $5,000.00 application fees, occurred after the commission of the prior act of racketeering activity.

       g.    State whether the alleged predicate acts relate to each other as part of a common plan. If so, describe in detail.

See response to 5(f) above.

6.    Describe in detail the alleged enterprise for each RICO claim. A description of the enterprise shall include the following information:

       a.    State the names of the individuals, partnerships, corporations, associations, or other legal entities, which allegedly constitute the enterprise.

CITY OF HUNTINGTON PARK, GRACIELA ORTIZ, MARILYN SANABRIA, KARIAN MACIAS, NATURAL COMPASSIONATE CENTER, MICHAEL A. SCHENONE, UNITED HEALTH & CARE CENTER, VIBHA C. PATEL, GOODNESS 4 LIFE, ROBERT J. HODGE, C4EVERSYSTEMS, LLC, and MJIC, INC.  constitute the association-in-fact enterprise, within the meaning of 18 U.S.C. Section 1961(4), for the Plaintiffs' 18 U.S.C. Section 1962(c) and 18 U.S.C. Section 1962(d) claim for conspiracy to violate 18 U.S.C. Section 1962(c).

b.      Describe the structure, purpose, function and course of conduct
of the enterprise.

The structure of the enterprise is an association-in-fact between the named
Defendants.  The purpose, role, function, and course of conduct of the enterprise
is to carry out the pattern of racketeering activity described in response to question
No. 5, above.  The enterprise possessed and continues to possess an ongoing
organizational structure.

c.      State whether any defendants are employees, officers or
directors of the alleged enterprise.

None.

d.      State whether any defendants are associated with the alleged
enterprise.

Each of the named Defendants are associated with the alleged enterprise
both as members of the association-in-fact enterprise and individuals or entities
engaged in the management, operation, and control of the enterprise.

e.      State whether plaintiff is alleging that the defendants are
individuals or entities separate from the alleged enterprise or that the
defendant is the enterprise itself, or member of the enterprise.

Each of the named Defendants are members of the enterprise and also exist
as separate individuals and entities separate from the alleged enterprise in other
matters outside the scope of the operation of the enterprise.  None of the named
Defendants are the enterprise itself, as the enterprise consists of an association-in-
fact of multiple individuals and entities in an informal manner.

f.      If any defendants are alleged to be the enterprise itself, or members of the enterprise, explain whether such defendants are perpetrators, passive instruments, or victims of the alleged racketeering activity.

Each of the named Defendants are active perpetrators of the alleged racketeering activity.

7.      State and describe in detail whether plaintiff is alleging that the pattern of racketeering activity and the enterprise are separate or have merged into one entity.

The enterprise exists separate and apart from its pattern of racketeering activity, insofar as the various members of the association-in-fact have multiple goals and objectives, not all of which are fraudulent and the subject of this litigation.  However, with regard to the fraudulent objectives of the enterprise, it has merged into one entity with the pattern of racketeering activity.

8.      Describe the alleged relationship between the activities of the enterprise and the pattern of racketeering activity. Discuss how the racketeering activity differs from the usual and daily activities of the enterprise, if at all.

The enterprise operates solely to engage in the acts of fraud and bribery that were orchestrated to take money and consideration to select which entities would receive the permits even before the application began, hide this preselection fraudulent activity from businesses that the enterprise solicited to apply for the permits, and continue to conceal the fraudulent and illegal activities conducted by the enterprise from the applicants that were solicited and the public at large.

///

///

9.     Describe what benefits, if any, the alleged enterprise receives from the alleged pattern of racketeering.

The enterprise receives benefits from the alleged pattern of racketeering by virtue of the $5,000.00 application fees that were paid by each applicant in the permit application process.  GRACIELA ORTIZ, MARILYN SANABRIA, and KARINA MACIAS members of the enterprise that were City Council Members of Huntington Park and received, upon information and belief, financial incentives from other members of the enterprise, such as NATURAL COMPASSIONATE CENTER, MICHAEL A. SCHENONE, UNITED HEALTH & CARE CENTER, VIBHA C. PATEL, GOODNESS FOR LIFE, ROBERT J. HODGE, C4EVERSYSTEMS, LLC, and MJIC, INC., to facilitate the unlawful and fraudulent bypassing of the application system in place for the permits.  Upon information and belief, NATURAL COMPASSIONATE CENTER, MICHAEL A. SCHENONE, UNITED HEALTH & CARE CENTER, VIBHA C. PATEL, GOODNESS FOR LIFE, ROBERT J. HODGE, C4EVERSYSTEMS, LLC, and MJIC, INC. benefited from the pattern of racketeering by virtue of being awarded the permits, opening businesses under the permits, and continuing to operate their businesses under the fraudulent and illegally obtained permits to this day.

10.     Describe the effect of the activities of the enterprise on interstate or foreign commerce.

At all relevant times, the activities of the enterprise substantially affected interstate and foreign commerce, through but not limited to, its intention to take advantage of applicants from various geographical areas in soliciting the applications that were never going to be provided any due consideration.

///

///

///

///

11.     If the complaint alleges a violation of 18 U.S.C. Section 1962(a),
         provide the following information:

         a.     State who received the income derived from the pattern of
                racketeering activity or through the collection of unlawful debt.
Not applicable.

         b.     Describe the use or investment of such income.
Not applicable.

12.     If the complaint alleges a violation of 18 U.S.C. Section 1962(b),
         describe in detail the acquisition or maintenance of any interest in or
         control of the alleged enterprise.
Not applicable.

13.     If the complaint alleges a violation of 18 U.S.C. Section 1962(c),
         provide the following information:

         a.     State who is employed by or associated with the enterprise.
All of the named Defendants are associated with the enterprise.

         b.     State whether the same entity is both the liable "person" and
                the "enterprise" under Section 1962(c).
None of the named Defendants are both the liable "person" and the
"enterprise" under Section 1962(c).

14.     If the complaint alleges a violation of 18 U.S.C. Section 1962(d),
         describe in detail the alleged conspiracy.
See question 1 above as well as question 5(f).

///

///

PLAINTIFFS' RICO CASE STATEMENT

15.     Describe the alleged injury to business or property.

The injury to business and property sustained by the Plaintiffs arises out of the $5,000.00 nonrefundable application fee, in addition to costs in preparing the applications and the business plans for the anticipated potential ability to establish a business pursuant to one of the permits.  The Plaintiffs have also sustained damages from the loss of profits and business revenue they would have realized if their applications had been provided due consideration during the application process.

The people of Huntington Park have also suffered in that the best applicants were not selected.

16.     Describe the direct casual relationship between the alleged injury and the violation of the RICO statute.

The violation of the RICO statute is the direct and proximate cause of the injuries suffered by the Plaintiffs in this case.  The scheme to defraud applicants regarding the purported ability for them to have a fair and equal chance at obtaining one of the permits caused the consequent damage to the Plaintiff's business.

17.      List the damages sustained for which each defendant is allegedly liable.

Each of the named Defendants should be held liable for the damages sustained in the futile applications and corresponding fees of $5,000.00 paid by the Plaintiffs.  In addition, the named Defendants should be liable for the costs to revoke the illegally provided permits and to reopen the application process with mechanisms in place to ensure fairness and equal opportunity to all applicants.

///

///

///

PLAINTIFFS' RICO CASE STATEMENT

18.     List all other federal causes of action, if any, and provide the relevant statute numbers.

The fourth cause of action raises a claim of violation of First Amendment rights under the United State constitution pursuant to 14 U.S.C. Section 1983.

19.     List all pendent state claims, if any.

The Plaintiffs also seek relief under California Business and Professions Code Section 17200, civil conspiracy under California common law, and violation of Article I, Section 2 of the California Constitution.

20.     Provide any additional information that plaintiff feels would be helpful to the Court in processing the RICO claim.

As presented in the Complaint, as well as in section 1 above, there is sufficient detail to explain the scope and depth of the conspiracy.

Dated: March 29, 2017                          D | R WELCH ATTORNEYS AT LAW
                                               A PROFESSIONAL CORPORATION


                                                /s/ David R. Welch
                                               DAVID R. WELCH
                                               Attorneys for Plaintiffs
                                               MKAY, INC., CRUZ VERDE, INC.,
                                               GAGE COLLECTIVE, INC.,
                                               FLOWER REFINERY, INC.,
                                               GO GREEN MEDICAL HOLDINGS,
                                               INC., CBD, INC.
                                               TRINK HEALTH, INC. and
                                               FIVE POINT VENTURES, INC.

**CERTIFICATE OF SERVICE**

Case Name:  MCKAY, Inc., et al. v. City of Huntington Park, et al.
Case No.:  2:17-cv-01467-SJO-AFM

  I hereby certify that on March 29, 2017, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

PLAINTIFFS' RICO CASE STATEMENT

  All Participants in the case are now represented by counsel who are registered CM/ECF users and therefore will be served by the CM/ECF system.

  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on March 29, 2017, at Los Angeles, California.


Robert Kerns             /s/ Robert Kerns
----------------------------------------     ----------------------------------------
     Declarant                 Signature