UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority ____
Send ____
Enter ____
Closed ____
JS-5/JS-6 ____
Scan Only ____

========================================================================

CASE NO.:   CV 17-01467 SJO (AFMx)          DATE: September 26, 2018

TITLE:      MKay, Inc. et al. v. City of Huntington Park et al.

========================================================================
PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE

Victor Paul Cruz                             Not Present
Courtroom Clerk                              Court Reporter

**COUNSEL PRESENT FOR PLAINTIFFS:**          **COUNSEL PRESENT FOR DEFENDANTS:**

Not Present                                  Not Present

========================================================================

**PROCEEDINGS (in chambers): ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR AWARD OF REMEDIES** [Docket No. 191]; **ORDER GRANTING PLAINTIFFS' MOTION FOR EXTENSION OF TIME TO ALLOW LATE FILING OF EXHIBITS** [Docket No. 195].

This matter is before the Court on Plaintiffs MKay, Inc., Gage Collective, Inc., Flower Refinery, Inc., Go Green Medical Holdings, Inc., Cruz Verde, Inc., CBD, Inc., Trink Health, Inc., and Five Point Ventures, Inc. (collectively, "Plaintiffs") Motion for Award of Remedies ("Motion"), filed August 1, 2018. Defendant City of Huntington Park ("Defendant" or "City") opposed the Motion on August 24, 2018. Plaintiffs replied to the Opposition ("Reply") on September 10, 2018. The Court found this matter suitable for disposition without oral argument and vacated the hearing set for September 24, 2018. *See* Fed. R. Civ. P. 78(b). For the following reasons, the Court **GRANTS IN PART** and **DENIES IN PART** the Motion.

I.      FACTUAL AND PROCEDURAL BACKGROUND

On January 11, 2017, Plaintiffs filed a Complaint in Los Angeles Superior Court asserting causes of action for (1) civil conspiracy; (2) violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"); (3) violation of the First Amendment and Fifth Amendment of the United States Constitution under 42 U.S.C. section 1983 ("Section 1983"); and (4) violation of Article I, section 2 of the California Constitution. (*See* Notice of Removal, Ex 1 ("Compl."), ECF No. 1-2.) The first two causes of action were asserted against City Defendants as well as Defendants MJIC, Inc. ("MJIC"), C4Eversystems, Inc. ("C4Ever"), Goodness 4 Life, Inc. ("G4L"), Natural Compassionate Center ("NCC"), Vibha C. Patel, Michael A. Schenone, and United Health & Care Center's ("UHCC") (collectively, "Dispensary Defendants"); the third and fourth causes of action were asserted only against City Defendants. (*See generally* Compl.) City Defendants removed the action to this Court on February 22, 2017. (*See* Notice of Removal, ECF No. 1.)

On May 22, 2017, Plaintiffs filed a First Amended Complaint ("FAC") omitting the RICO claim, withdrawing the claim for civil conspiracy as to the City Defendants, adding a "fraud" claim against the City Defendants, adding a Section 1983 claim based on violation of the Fifth and Fourteenth

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority  _____
Send      _____
Enter     _____
Closed    _____
JS-5/JS-6 _____
Scan Only _____

CASE NO.:  CV 17-01467 SJO (AFMx)          DATE: September 26, 2018

Amendments, and adding Mike Patel as one of the Dispensary Defendants.[1] (*See* FAC, ECF No. 40.) The Dispensary Defendants were dismissed from the action on April 27, 2018. (*See* Joint Stip. to Dismiss, ECF No 179.) The parties stipulated to dismiss Plaintiffs' claim for fraud on May 2, 2018. (Stip. Dismissing Pl's Second Cause of Action, ECF No. 185.)

After the dismissals, the heart of the instant dispute centered on the constitutionality of various ordinances and administrative policies (the "Ordinances") setting forth the selection process for Medical Marijuana Business Permits ("MMBPs") required to operate a medical marijuana business ("MMB") in the City. Plaintiffs challenged in particular certain parts of the Ordinances that prohibited lobbying for medical marijuana permits. The anti-lobbying portions of the Ordinances read as follows:

> Applicants are prohibited from lobbying members of the City Council regarding the approval of a Permit. Applicants are prohibited from contacting any City Council member regarding a medical marijuana business or a Permit between the date that the applications become available and the date that the City Council acts on an application. Any attempt to contact a City Council member during this period shall disqualify the applicant from consideration for a Permit.

Both parties moved for summary judgment on three issues: (1) whether the Ordinances were invalid under the Fourteenth Amendment; (2) whether the Ordinances were invalid under the First Amendment; and (3) whether the Ordinances were invalid under the California Constitution.

This Court held that the portions of the Ordinances that prohibited lobbying violated the First and Fourteenth Amendment of the federal Constitution and the California Constitution because "the Ordinances as written are not appropriately narrow in scope and do not well define the kinds of activities that are prohibited, and thus are unconstitutionally vague." *See* Order on Cross Motions For Summary Judgment at 5-8, ECF No. 188. The Court went on to hold that the Ordinances were content-based and were not narrowly tailored to serve a compelling state interest. *See id.* The Court finally ordered the parties to submit briefing as to the appropriate remedies for the constitutional violations. *See id.* at 10.

These proceedings followed.

---

[1] The Court previously dismissed Plaintiffs' fourth cause of action to the extent it asserts a violation of the Fifth Amendment, holding that only the Fourteenth Amendment applies to Plaintiffs' claims. (Order re City Def's Mot. to Dismiss 15, ECF No. 53.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority ____
Send ____
Enter ____
Closed ____
JS-5/JS-6 ____
Scan Only ____

CASE NO.: CV 17-01467 SJO (AFMx)        DATE: September 26, 2018

II. **ANALYSIS**

In the instant Motion, Plaintiffs seek the following remedies: (1) the complete nullification of the Ordinances and a re-starting of the marijuana permits process by the City; (2) money damages; and (3) attorneys' fees under 42 U.S.C. § 1988. *See generally* Motion.

Because the City violated the federal and state constitutions through the anti-lobbying portions of the Ordinances, Plaintiffs are entitled to a remedy, although the remedy itself is left to the discretion of this Court. *See Hutto v. Finney*, 437 U.S. 678, 687 (1978). In fashioning the remedy, the Court is mindful of the fact that the City has already implemented the Ordinances for the past two years, and several third parties have relied on the Ordinances. Additionally, the Ordinances are only invalid in part. The unconstitutional portions of the Ordinances are severable from the vast majority of the statute. Accordingly, this Court does not invalidate the Ordinances in their entirety (thereby requiring a re-starting of the entire permit process). This would create an undue burden on the City and would injure innocent third parties.

Instead, the Court orders as follows: (1) the Ordinances are severable and the anti-lobbying provisions are to be severed and removed from the Ordinances as invalid under the First and Fourteenth Amendment of the federal constitution and Article 1, section 2 of the California Constitution; (2) Plaintiffs are entitled to the $5,000 that they each initially paid in unsuccessful efforts to obtain a medical marijuana permit ($40,000 total); and (3) because Plaintiffs prevailed on their claims under 42 U.S.C.§ 1983, Plaintiffs are entitled to the attorneys' fees applicable to these claims.

  A.    **Severability of the Ordinances**

The Court begins by briefly addressing the severability of the Ordinances, an issue that the Court addressed in depth in its prior Order. There, the Court held that "there is nothing on the record that would overcome the presumption of severability in this instance." *See* Order on Cross Motions For Summary Judgment at 10, ECF No. 188. The Court went on to hold that "[t]he anti-lobbying provisions are two very small sections of lengthy ordinances with an overall purpose of establishing the requirements and procedures for operating a marijuana business in the City, and can easily be severed from the Ordinances without affecting the content or context of the rest." *See* Order on Cross Motions For Summary Judgment. This language is unambiguous and is exactly what must happen now. The anti-lobbying portions of the Ordinances are invalid as unconstitutional, but the remainder of the Ordinances remain in effect.

  B.    **Damages**

Plaintiffs next claim monetary damages, both for the amount that they paid in filing for permits ($5000 each), as well as unspecified "additional damages and remedies." Motion at 17-18. In

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| | |
|---|---|
| Priority | \_\_\_\_\_ |
| Send | \_\_\_\_\_ |
| Enter | \_\_\_\_\_ |
| Closed | \_\_\_\_\_ |
| JS-5/JS-6 | \_\_\_\_\_ |
| Scan Only | \_\_\_\_\_ |

CASE NO.:  <u>CV 17-01467 SJO (AFMx)</u>        DATE: <u>September 26, 2018</u>

calculating damages, the Court awards "compensatory damages" to Plaintiff to make them whole and place them in the position that they were in had the alleged constitutional violation not taken place.  *See Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 307 (1986).  In light of the fact that the Court did invalidate some parts of the Ordinances, the Court orders the City to return to Plaintiffs the $5,000 that they each paid as part of the permit process.  This is a means to return Plaintiffs to the position that they would have been in had they never applied for permits in the first place.  Plaintiffs do not qualify for "additional damages and remedies" beyond this amount.

    C.    <u>Attorneys' Fees Under Section 1988</u>

Plaintiffs next claim attorneys' fees as prevailing parties in this litigation.  *See* Motion at 21.  Defendant the City responds that Plaintiffs are not "prevailing parties" under 42 U.S.C. § 1988 because they did not prevail on several of the causes of action that they initially brought.  According to the City, Plaintiffs have not succeeded on "any significant issue in litigation which achieved some of the benefits of the parties sought in bringing suit."  *Texas Teachers Ass'n v. Garland Indep. Sch. Dist.* 489, U.S. 782, 791 (1989); Opp'n at 5.

The Court disagrees with the City.  Plaintiffs are the "prevailing parties" for purposes of their claims under 42 U.S.C. § 1983.  This Court clearly held that portions of the Ordinances violated the First and Fourteenth Amendments of the federal Constitution and Article I, section 2 of the California Constitution.  To be sure, Plaintiffs did not prevail on other causes action that they brought in their First Amended Complaint.  These other claims, however, are irrelevant to a calculation of attorneys' fees under 42 U.S.C. § 1988.  *See Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. at 792.

Accordingly, Plaintiffs are entitled to attorneys' fees under 42 U.S.C. § 1988 but only those attorneys' fees that they expended in preparing their claims under 42 U.S.C. § 1983.  Plaintiffs must file supplementary briefing to prove the quantum of attorneys' fees.  When doing so, to the extent possible, Plaintiffs should separate the portion of attorneys' fees expended on bringing the causes of action under 42 U.S.C. § 1983 from the other causes of action in the operative complaint.  To this end, the Court requires that Plaintiffs provide information to this Court as to the attorneys' fees that Plaintiffs expended after the dismissal of the RICO and fraud causes of action.

III.    <u>RULING</u>

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's Motion For Award of Remedies, as specified above.  Plaintiffs are ordered to provide further briefing as to the quantum of attorneys' fees to which they are entitled.

IT IS SO ORDERED.